TROTT, Circuit Judge,
concurring in part and dissenting in part.
I concur in Judge Poole’s opinion except the part holding 21 U.S.C. § 851(e) unconstitutional. For the reasons given by the Eleventh Circuit in United States v. Williams, 954 F.2d 668, 673 (11th Cir.1992), I do not believe it was either unconstitutional or unreasonable for Congress to set a five-year limit on the ability of a recidivist to attack the validity of a dormant prior conviction. Enough is enough. After five years it becomes extremely difficult if not impossible to cope with claims such as what “my attorney told me,” “what the judge said,” “what I understood,” etc. If the matter has come to rest, so be it. Statutes of limitation are an important feature of our legal system.
Settled priors should be able to be used in sentencing criminals whose response to the criminal justice system and to society is to commit another crime. Why do we deem it necessary to bend over backwards to the point of standing on our heads to indulge repeat offenders whose “standing” to reopen closed cases is based on having committed another criminal offense? We should inform such repeat offenders that if when it was ripe to do so they did not succeed in overturning a conviction on appeal or undoing it by way of a petition for a writ of habeas corpus, the reasonable limit on rewriting history is five years.